UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL AMETH GIRON CAMARGO (A# 243-162-805),<br><br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL, et al.,<br><br>Respondents. | No. 1:26-cv-02211 DJC SCR<br><br><br>ORDER |

Petitioner, an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF Nos. 1. District Judge Calabretta referred the matter to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636. ECF Nos. 8, 11.

On April 27, 2026, petitioner filed a motion to amend the petition and a motion for temporary restraining order ("TRO"). ECF No. 10. In light of the complexity of the legal issues involved, the court has determined that the interests of justice require the sua sponte appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan, via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment. If counsel is not a member of the

1

Eastern District of California Criminal Justice Act ("CJA") Panel, the court hereby authorizes them to serve as *pro hac vice* CJA counsel for petitioner for the duration of the proceedings in this court pursuant to Local Rule 180(b)(1), *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment.  If counsel is not admitted to practice before the Eastern District of California court, pursuant to 18 U.S.C. § 3006A and this District's CJA Plan, General Order 671, § XV.C.1.g as applied here, the court hereby authorizes said counsel's *pro hac vice* admission to practice before this court for the duration of the proceedings, *nunc pro tunc* to the date the appointing authority first contacted counsel about this appointment.

Given petitioner's allegations of serious medical issues made in his request for a the TRO, the Court will also require respondents to respond to the TRO within 7 days.  See Pinson v. Carvajal, 69 F.4th 1059, 1075 (9th Cir. 2023) ("[T]he Supreme Court has left open the key question of whether there are circumstances when a challenge to the conditions of confinement is properly brought in a petition for writ of habeas corpus.") (citing Ziglar v. Abbasi, 582 U.S. 120, 144-45 (2017) ("[W]e leave to another day the question of the propriety of using a writ of habeas corpus to obtain review of the conditions of confinement, as distinct from the fact or length of confinement.")).

Accordingly, IT IS HEREBY ORDERED that:

1.    Within seven days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Shelly Her, Courtroom Deputy for Magistrate Judge Sean Riordan via email at sher@caed.uscourts.gov who shall update the docket to reflect counsel's appointment.

2.    The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment, along with a copy of the § 2241 petition.

3.    Based on the appointment of counsel, petitioner's motion to amend (ECF No. 10) is GRANTED.  The court grants petitioner leave to file an amended § 2241 petition and/or complaint for declaratory and injunctive relief within 21 days from the date of this order.  Within 7 days from petitioner's filing, respondent shall file either an amended answer/return or a notice indicating that they will stand on the previously filed answer/return and/or on their response to the

TRO (see below).  Petitioner shall have 3 days from the date of respondent's answer/return or notice to file a reply.  If the parties agree on a different briefing schedule, they may submit a joint proposed order to the court based on their stipulation.

4.      Respondents shall file a response to the TRO within 7 days from the date of this order.  Absent a further order, the Court will deem the TRO submitted without hearing at that point.

5.      Having reviewed the records attached to respondent's answer/return, the parties may also brief whether petitioner's detention violates his substantive due process rights using the five-factor test described in Doe v. Chestnut, 810 F.Supp.3d 1169 (E.D. Cal. 2025), in addition to fully briefing all other claims and issues that the parties wish to present.

DATED: May 1, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE